UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MICHAEL ROSEN,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

Case No. CV 18-00475-JEM

MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

**PROCEEDINGS**

On January 18, 2018, Michael Rosen ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. (Dkt. 1.) The Commissioner filed an Answer on May 7, 2018. (Dkt. 13.) On October 26, 2018, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision. (Dkt. 19.)

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

# BACKGROUND

Plaintiff is a 40 year-old male who applied for Social Security Disability Insurance benefits on April 28, 2016, alleging disability beginning May 15, 2012. (AR 21.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since May 15, 2012, the alleged onset date. (AR 23.)

Plaintiff's claim was denied initially on August 1, 2016. (AR 21.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Richard T. Breen on June 15, 2017, in West Los Angeles, California. (AR 13.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 21.) Vocational expert ("VE") Matthew E. Sprong also appeared and testified at the hearing. (AR 21.)

The ALJ issued an unfavorable decision on July 11, 2017. (AR 21-32.) The Appeals Council denied review on December 6, 2017. (AR 1-3.)

# DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ properly considered the medical evidence as contained in the treating opinions.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can

still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since May 15, 2012, the alleged onset date. (AR 23.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease of the lumbar spine, mild right knee meniscus tear, and post-traumatic stress disorder. (AR 23-24.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 24-25.)

The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 CFR § 404.1567(b) with the following limitations:

>Claimant can lift up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk up to 6 hours in an 8-hour workday, and sit up to 6hours in an 8-hour workday, with the following additional restrictions: Claimant is limited to occasional performance of postural activities, including climbing ramps and stairs, climbing ladders, ropes or scaffolds, balancing, stooping, kneeling, crouching, and crawling, and he is limited to simple, routine and repetitive tasks, with occasional and superficial public contact.

(AR 25-30.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations are "not entirely consistent" with the medical evidence and other evidence of record. (AR 26.) Significantly, Plaintiff does not challenge this finding.

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as an automobile accessories sales person. (AR 30.) The ALJ, however, also found at step five that, considering Claimant's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of mail clerk, routing clerk, and inspector hand packager. (AR 31.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 32.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence presented by Plaintiff's treating physicians and the disability rating of the Veterans Administration ("VA"). The ALJ's RFC is supported by substantial evidence.

**I.    THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

    **A.    The ALJ Properly Considered The Medical Evidence**

Plaintiff contends that the ALJ improperly rejected the opinions of treating physicians Dr. Irving Borstein and Dr. Hani Atallah and the VA's disability rating. The Court disagrees.

        1.    <u>Relevant Federal Law</u>

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence,

including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's

opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

### 2. Analysis

Plaintiff alleges he is unable to work due to back, neck, and knee issues and post-traumatic stress disorder ("PTSD"). (AR 26, 213, 228.) The ALJ did find that Plaintiff has the medically determinable impairments of degenerative disc disease of the lumbar spine, mild right knee meniscus tear, and PTSD. (AR 23.) The ALJ, however, determined that Plaintiff could perform a reduced range of light work "limited to simple, routine and repetitive tasks with occasional and superficial public contact." (AR 25.)

Regarding physical impairments, radiographs indicate moderately severe degenerative disc disease with bilateral facet arthrosis. (AR 27.) In February 2017, Claimant reported doing well with physical therapy and pain medications. (AR 27.) He had no tenderness and full range of motion. (AR 27.) There is no evidence that he was referred to a specialist or that surgery was recommended. (AR 27.) Claimant's right knee impairment also was well controlled with physical therapy and pain medications. (AR 27.) In February 2017, there was no tenderness and Plaintiff had full range of motion. (AR 27.) State agency reviewing physician Dr. P. A. Talcherkar assessed Plaintiff with a light work RFC. (AR 29, 77-78.) Plaintiff does not contest the ALJ's physical RFC.

Regarding Plaintiff's mental limitations, Plaintiff alleges he is unable to work because of PTSD. In support of this assertion, Plaintiff relies on the opinions of VA physicians and a VA disability of 70% for his anxiety. (AR 29-30, 301, 468.) The ALJ rejected the VA physician opinions and disability rating and concluded that Plaintiff could perform a range of light work "limited to simple, routine and repetitive tasks, with occasional and superficial public contact." (AR 25.) Plaintiff contends the ALJ erred in his assessment. The Court disagrees.

a. <u>Dr. Borstein</u>

On June 4, 2015, Dr. Irving Borstein, Ph.D., remarked:

> The veteran[']s condition has deteriorated since my last evaluation of him on _____, 2014. In addition to his anxiety which is more acute with almost continuously panic attacks and depressive episodes. He has difficulty controlling his irritability and anger when dealing with the public, colleagues and supervisors. His back pain also inhibits him from standing or sitting for extended periods of time. He is unemployable due to his service connected disabilities.

(AR 29, 452.)

The ALJ, however, rejected his opinion because it is unsupported by the Claimant's medical records. (AR 29.) The ALJ need not accept the opinion of a doctor that is brief, conclusory, inadequately supported by clinical findings, does not have supportive objective evidence, is contradicted by other evidence, and is not supported by the record as a whole. Batson v. Commissioner, 359 F.3d, 1190, 1195 & n.3 (9th Cir. 2004). Here, the ALJ summarized the medical records of Plaintiff's PTSD. (AR 27-28). In June 2016, Plaintiff reported PTSD symptoms, such as irritability and fearing for his safety and his family's safety, but denied flashbacks and nightmares. (AR 27.) He subsequently denied any acute PTSD symptoms or depressive symptoms. (AR 27.) Plaintiff attended group therapy at the VA. (AR 27.) Multiple mental status examination and group therapy notes show that Claimant had good mental status examinations with no thought disturbance. (AR 27.) In February 2017, his treating provider noted Claimant had not experienced trauma that involved his military service, he was not in combat and had no life threatening experience while serving in the military, but he was involved in an altercation while on leave. (AR 28.) Plaintiff denied any acute PTSD symptoms and depressive symptoms, was not on psychotropics, and was able to go to night school and be a supportive husband and father. (AR 28, 519-520.) The above medical records all post-date Dr. Borstein's opinion and contradict it.

The ALJ also rejected Dr. Borstein's opinion because Plaintiff's medical records show a longstanding history of refusing to take medications. (AR 29.) Failure to follow a prescribed course of treatment is a valid reason for discounting subjective symptom allegations. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008); see also 20 C.F.R. § 404.1530(a) ("In order to get benefits, you must follow treatment prescribed by your medical source"). Here, as already noted, Plaintiff was not on psychotropics at his February 9, 2017 examination. (AR 28.) In May 2016, he was noted to have a longstanding stance against medications. (AR 28.) On June 17, 2016, Claimant reported he was not taking his prescribed medications and stated he was "not interested in psychotropics at all." (AR 28.) He also reported he had no interest in finding a job. (AR 28.) On June 9, 2016, he reported no interest in returning to work or pursuing higher education. (AR 28.)

The ALJ also noted that Claimant reported improvement with group therapy, individual therapy, and yoga sessions. (AR 28.) He also performs household chores, cares for his five month old child, goes to the gym to work out, and attends and performs well in college. (AR 25, 28.) An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed abilities. Bayliss, 427 F.3d at 1216.

The ALJ made a determination that Plaintiff's subjective symptom allegations are "not entirely consistent" with the medical evidence and other evidence of record. (AR 26.) Plaintiff did not challenge this finding. A physician's opinion based on subjective complaints of a claimant whose credibility has been discounted can be properly disregarded. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

State agency reviewing physicians found Plaintiff's PTSD mild and nonsevere, but the ALJ rejected this assessment (AR 29) having determined that Plaintiff's mental impairments imposed moderate limitations in functioning. (AR 24, 25.) The ALJ, based on the mental health records, determined that Claimant should be limited to simple, routine and repetitive tasks, with occasional, superficial public contact. (AR 29.)

Plaintiff challenges the ALJ's assessment of the medical evidence, including the rejection of Dr. Borstein's opinion, but it is the ALJ's responsibility to resolve conflicts in the

medical evidence and ambiguities in the record.  Andrews, 53 F.3d at 1039.  Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed.  Rollins v. Massanari, 261 F.3d at 853, 857 (9th Cir. 2001).

The ALJ rejected the opinion of Dr. Borstein for specific, legitimate reasons supported by substantial evidence.

        b.      Dr. Atallah

On March 1, 2016, VA physician Dr. Hani Atallah wrote a short letter stating that Plaintiff suffers from severe PTSD and has been coping with the disease with minimal success.  (AR 470.)  As a result, Dr. Atallah opined that Plaintiff "has impaired functioning in several areas of his social and professional functioning."  (AR 470.)[1]

Plaintiff asserts that the ALJ completely failed to discuss Dr. Atallah's opinion.  Plaintiff's assertion is not quite accurate.  The ALJ made reference to the VA assessment, citing Exhibit 4F, which contains Dr. Atallah's statement (4F11).  (AR 30.)  The ALJ plainly read and considered Dr. Atallah's opinion.

The ALJ did not provide specific reasons for rejecting Dr. Atallah's statement, but an ALJ need not discuss every piece of evidence and is not required to discuss evidence that is neither significant nor probative.  Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003).  Dr. Atallah's statement adds nothing new, significant, or probative to the record that warrants discussion.  The ALJ found Plaintiff's PTSD to be severe.  (AR 23.)  The ALJ also found that Plaintiff's PTSD imposed moderate limitations to functioning.  (AR 24-25.)  The Court sees no clear inconsistency between Dr. Atallah's comments and the ALJ's findings.

Dr. Atallah's statement, moreover, did not set forth any mental restrictions or work-related functional limitations or a RFC assessment.  He does not even opine that Plaintiff is disabled.  Dr. Atallah added nothing new to the opinion of Dr. Borstein who opined Plaintiff was disabled, an opinion which the ALJ rejected.  There is nothing relevant or probative or

---

[1] In the Joint Stipulation, Plaintiff misstates Dr. Atallah's statement.  He did not say that Plaintiff had impaired functioning in "severe areas" of his social and professional functioning.  (JS 6:15.)  He said "several areas."  (AR 470.)

additional to discuss as to Dr. Atallah not already addressed in the ALJ's discussion of Dr. Borstein's opinion. Any error in not discussing Dr. Atallah's statement is entirely harmless. See Tommasetti, 533 F.3d at 1038 (error is harmless when it is "inconsequential to the ultimate nondisability determination"), quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006).

### c. VA Disability Rating

The ALJ made a generalized finding that the VA disability rating is not persuasive (AR 30) but does not explain why specifically. An ALJ is not permitted to ignore a VA disability rating. McLeod v. Astrue, 640 F.3d 881, 886 (9th Cir. 2011) (Even though it is not binding or conclusive, the VA disability rating has to be considered"). An ALJ ordinarily must give it "great weight." McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). An ALJ may give less than great weight to VA disability rating only with persuasive, specific valid reasons for doing so that are supported by the record. Id.

Here, the ALJ discussed the VA medical evidence on which the VA disability rating was based. The ALJ rejected the opinions of VA physician Dr. Borstein and Dr. Atallah for specific, legitimate reasons supported by the record, as previously discussed. The Ninth Circuit has held that rejection of VA medical opinions is a valid reason for according less than great weight to the VA disability rating evidence. Valentine v. Comm. of Soc. Sec. Adm., 574 F.3d 685, 694-695 (9th Cir. 2009) (rejection of VA medical opinions valid reason for deviating from VA disability rating); Lerch v. Colvin, 583 F. App'x 608, 609 (9th Cir. 2014) (rejecting VA rating based on medical opinion rejected by the ALJ).

The ALJ rejected the VA disability rating for specific, legitimate, and valid reasons supported by the record.

* * *

The ALJ properly considered the medical evidence. The ALJ's RFC is supported by substantial evidence.

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: March 6, 2019

         */s/ John E. McDermott*
         JOHN E. MCDERMOTT
         UNITED STATES MAGISTRATE JUDGE